BOLIN, Judge.
W. C. Baumann, judgment debtor, sued to annul the judicial sale of his property under a writ of fieri facias. Made defendants were the seizing creditor, Herman Fields, the succession of his deceased wife, Sheriff James M. Goslin, and James M. Greene, Chief Civil Deputy Sheriff. Defendants filed exceptions of no right and no cause of action and also moved for a summary judgment. The trial court sustained the exceptions and granted the summary judgment. Baumann appeals and we affirm the summary judgment.
The principal issue on appeal is whether certain alleged irregularities in the appointment of appraisers for the property present a genuine issue of material fact which would preclude summary judgment.
By original and supplemental petitions, plaintiff alleged the sale should be annulled for the following reasons:

6.
That plaintiff, Herman Fields d/b/a Herman Fields Pump and Supply Co. in said cause appointed John M. Shuey as its appraiser who, according to the appraisal sheet filed in said suit appraised said property at $5,300.00.
7.
That W. C. Baumann, defendant in said suit appraised the property in said suit at a value of $12,000.00.
8.
That based upon information and belief, plaintiff alleges that the Sheriff of Cad-do Parish failed to appoint a third appraiser for the above described property in the above described sale pursuant to R.S. 13:4365, having previously improperly appointed C. W. Brumley as either appraiser for the Sheriff or for defendant.
9.
That said property was sold for two-thirds (%) of the appraisal of plaintiff.
10.
That said appraisal and sale price did not reflect the true value of the leases, oil, and land sold.
Defendants filed exceptions of no right and no cause of action but prior to the disposition of these exceptions they filed a motion for a summary judgment. Attached to the motion for summary judgment were copies of the appraisal sheet and a document showing the total sale price and disposition of the funds. Also attached to the motion were depositions of James H. Greene, civil deputy sheriff, and appraisers C. W. Brumley and John M. Shuey.
Plaintiff’s attorney filed a response to the motion for summary judgment wherein it is stated among other things:
In short, the ultimate question to be decided by this Court is whether or not the proper procedures were adhered to in the sale of plaintiff’s property. Plaintiff contends these procedures were not followed nor were the plaintiff in the original action and the third “appraiser” proper values. Of key importance is the question of when plaintiff actually appraised the property with defendants contending plaintiff’s appraisal was not in time, as is the question of just what role Mr. Brumley played.
Attached to the response was an affidavit of plaintiff wherein he stated:
That he is the plaintiff in the above and foregoing proceeding, that he signed the *887 appraisal sheet after Mr. Brumley had been appointed to appraise the property; that Mr. Brumley was not appointed to appraise the property because of a dispute in appraisal values; that he timely signed said appraisal in the presence of Jim Greene and one other witness; and that at the sale of said property Jim Greene refused to accept petitioner’s bid of $5,000.00.
Based upon the pleadings and documents heretofore outlined, the case was submitted for disposition on the motion for summary judgment.
The motion for summary judgment shall be rendered “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law”. Louisiana Code of Civil Procedure Article 966.
In his reasons for judgment the trial judge correctly set forth the facts relevant to the motion for summary judgment:
“The facts from the records, affidavit and depositions are that although the proper notices were given by the Sheriff to the parties to appoint appraisers, the plaintiff herein indicated to the Chief •Civil Deputy that he would not appraise the property. The Chief Civil Deputy was therefore faced with the problem that either the debtor would not appoint an appraiser, in which case he would be required to appoint an appraiser for him, or that the debtor would make an appraisal at the last moment varying from the appraisal made by the appraiser for the seizing creditor. The Chief Civil Deputy therefore appointed C. W. Brum-ley, who from the record was an experienced oil man, and he appraised the property. His appraisal and that of the appraiser for the seizing creditor were the same. Less than twenty-four hours before the sale, the plaintiff did come in and insisted on his right of appraisal. [Baumann contends he timely demanded his right to appraise the property]. He was granted that right, his appraisal being for Twelve Thousand Dollars ($12,000.00) as opposed to the Five Thousand Three Hundred Dollars ($5,300.00) which had been placed on it by the appraiser for the seizing creditor and the appraiser appointed by the Sheriff.
“The Chief Civil Deputy used as his basis for the sale the appraisal made by the appraiser appointed by him and the property was sold for two-thirds (2/3) of that value.
“While the appraisal sheet of the Chief Civil Deputy Sheriff shows that both the appraiser for the seizing creditor and the appraiser appointed by the Sheriff were sworn on the same date, neither has any independent recollection of the exact date on which they made their respective appraisals, and the Chief Civil Deputy has testified that it is possible that they appeared on different dates and that the date recited in the appraisal sheet may have been simply the date on which the first appeared.”
Property sold at a judicial sale under a writ of fieri facias must be appraised according to law prior to the sale. La.C.C.P. Article 2332. An official revision comment under Article 2332 states that procedures for the appointment of appraisers are set forth in the Revised Statutes. Pertinent to this case are the following sections of Title 13 of Louisiana Revised Statutes:
§ 4363.
A. Not less than three days, exclusive of holidays, before the sale of seized property, the sheriff shall serve a written notice on the debtor and on the seizing creditor, in the manner provided for the service of a citation, directing each to name an appraiser to value the property and to notify the sheriff of his appointment prior to the time stated in the no *888 tice, which shall be at least twenty-four hours prior to the time of the sale.
B. If there are two or more debtors or seizing creditors and these parties cannot agree as to which should act as or appoint an appraiser, and in any case where an appraisal is required prior to the judicial sale and which is not otherwise provided for in this Section, on the ex parte application of the sheriff or of any interested party, the court shall designate the party to act as or appoint the appraiser, and the notice required by Sub-section A of this Section shall be served on the party so designated.
§ 4364.
If a party neglects to appoint an appraiser or to notify the sheriff within the time designated, the sheriff shall appoint an appraiser for him.
§ 4365.
The appraisers shall' take an oath to make a true and just appraisement of the property.
If the appraisers cannot agree, the sheriff shall appoint a third appraiser, who shall also be sworn, and whose' decision shall be final.
The property seized must be appraised with such minuteness that it can be sold together or separately.
The appraisers shall reduce their ap-praisement to writing, sign it, and deliver it to the sheriff.
The thrust of plaintiff’s argument is that the “third appraiser” referred to in Section 4365, supra, shall be appointed only if the two other appraisers disagree. Plaintiff contends since the “third appraiser” was appointed prior to any disagreement between the parties, his appointment and therefore his appraisal were invalid. Ap-pellees on the other hand contend that since plaintiff’s and defendants’ appraisers did ultimately disagree, it was necessary for the sheriff to appoint the third appraiser and the fact that he was appointed prior to any disagreement between the parties should not invalidate his appraisal. We agree with appellees’ contentions and with the finding of the lower court “that there were no invalidities or irregularities in the sale . . . which would cause it to be null.”
During oral argument before this court counsel for appellant contended the sale should be set aside because of the statement in plaintiff’s affidavit attached to the motion for summary judgment “that at the sale of said property Jim Greene refused to accept petitioner’s bid of $5,000.” By reference to plaintiff’s pleadings, which are set forth supra, it is clear plaintiff did not allege, either directly or indirectly, that the sale should be annulled because of the failure of the deputy sheriff to accept petitioner’s bid of $5,000. Since this fact is not relevant to any of the issues framed by the pleadings, we hold it is not a material fact which would preclude summary judgment under Code of Civil Procedure Article 966.
Appellant also contends the appraisal did not accurately reflect the valuation of the property. In support of this argument he refers to Article 10 of his petition quoted supra. We find no merit in this argument. We know of no law which requires that property be sold for its true value. Plaintiff did not attack the qualifications of the appraisers nor allege any fraud in their appraisal of the property. The record is un-contradicted that Brumley and Shuey were expert appraisers.
We find the motion for summary judgment was properly sustained. Having reached this conclusion we find it unnecessary to pass upon the correctness of that portion of the judgment sustaining the exceptions of no right and no cause of action.
For the foregoing reasons the ruling of the lower court maintaining defendants’ motion for summary judgment and dismissing plaintiff’s demands is affirmed at appellant’s cost.